## GIMPELSON v. KAUFMAN et al.

### No. 11660.

Circuit Court of Appeals, Ninth Circuit.

April 20, 1948.

---

James M. Carter, U. S. Atty., and Ronald Walker and James C. R. McCall, Jr., Asst. U. S. Attys., all of Los Angeles, Cal., for appellant.

Herzbrun & Chantry and David Mellinkoff, all of Beverly Hills, Cal., for appellees.

Before MATHEWS, BONE, and ORR, Circuit Judges.

BONE, Circuit Judge.

This is a reemployment case arising under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 301 et seq., and is here on appeal from a judgment of the district court, which entered findings of fact and judgment sustaining defenses interposed, and dismissed appellant's petition for enforcement of claimed veteran's reemployment rights. See Sections 8(e) and 16(b), Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, §§ 308(e), 316(b), and Section 7, Service Extension Act of 1941, as amended, 50 U.S.C.A.Appendix, § 357.

Appellant entered military service on October 23, 1942. Prior to that time he had been employed by an uncle, appellee Kaufman, who operated a meat business in Los Angeles, California.

In his petition appellant alleged generally that Kaufman had employed him in the capacity of "general manager" of this meat business; that he was discharged from military service on November 6, 1945; that in December of 1945 and on several occasions thereafter within 90 days from November 6, 1945, he applied to Kaufman for reemployment in this former position of general manager and was refused such reemployment despite the fact that he was still qualified to perform the duties of the said position; that Kaufman owned and operated the said meat business until March 31, 1946, at which time he transferred it to a corporation (appellee herein) which he had chartered to operate it, since which time Kaufman operated the said business through this corporation of which he is the dominant officer, director and stockholder.[1]

Other pertinent allegations of appellant's petition set forth the compensation claimed to have been received by appellant in the pre-service position of "general manager" (including an arrangement for profit-sharing); the nature of his duties in this position; a claim of full knowledge on the part of appellee corporation, its stockholders, directors and officers, of his pre-service position with Kaufman, his right to reemployment, and the refusal thereof; an offer of

---

[1] Appellee Max Kaufman had two brothers, Morris and Joseph, who joined with him in creating appellee corporation, these brothers supplying much of the capital for this venture. Morris Kaufman had once been a business partner of appellee Kaufman. Joseph Kaufman sold out his business interests in Chicago and moved to Los Angeles in order to associate himself with the new corporate organization.

temporary employment on January 3, 1946, in an inferior position at a lesser compensation of $40 per week, with a promise from appellee Kaufman that when appellee corporation was organized appellant would be "taken care of," which promise induced him to accept the inferior position; that he remained in this inferior position until after March 31, 1946 (under Kaufman) and until May 1, 1946 (under the corporation), on which latter date he was discharged by appellees.[2]

Appellant's petition demanded restoration to his alleged former position as of January 3, 1946 and compensation for loss of wages and financial benefits caused by the alleged unlawful acts of appellees.

The material allegations of appellant's petition, which, if true, would have sustained his right to reemployment as demanded, were denied by appellees who made separate answers in which they raised various defenses which the trial court sustained. The most important of these were: (a) That appellant did not "apply for reemployment" within the statutory time and thereby waived his rights; (b) that Max Kaufman's circumstances had so changed as to make restoration of appellant to his former or a like position "unreasonable or impossible"; and (c) that appellee corporation, which was first chartered January 21, 1946, has never been obligated to appellant under the reemployment provisions.

Whether appellant made application for reemployment in his former position, or a position of like seniority, status and pay, within 90 days after his discharge from military service; whether appellant's conduct was inconsistent with his claim that he applied to appellee Kaufman for reemployment in his former position within 90 days from November 6, 1945; what measure of control could be exercised by appellee Kaufman over appellee corporation; whether Kaufman possessed authority to reemploy appellant in his pre-service position during the interim partnership operation between the time of the 1945 agreement of the three Kaufman brothers to form a corporation, and the time the corporation began functioning on or about April 2, 1946; whether, under the 1945 agreement to form a corporation, the three Kaufman brothers joined in taking over, and did operate, the former Kaufman meat business as a partnership, with proprietary interests therein and profits therefrom equal to the proportion of their stock subscription and later stock interests in the corporation soon to be formed; whether profits in this "interim" period were retained in the business as a part of the assets thereof, and whether Max Kaufman's circumstances had so changed as to make it impossible or unreasonable to restore appellant to his pre-service position, (together with other material issues of fact) were essentially and fundamentally pure questions of fact to be determined by the trial court.

On the material issues in this case the court found that:

"On and prior to October 23, 1942, the respondent Kaufman owned and operated a wholesale and retail meat business on Temple Street, Los Angeles, and a meat market on Fairfax Avenue, Los Angeles, and employed petitioner, a nephew, in the Temple Street business.

"On October 23, 1942, the petitioner left his position in respondent Kaufman's Temple Street business to perform training and service in the Army, into which he was on that day inducted under the Selective Training and Service Act of 1940. The petitioner entered on active duty November 6, 1942, and satisfactorily completed his period of training and service on November 6, 1945.

"In 1944 and 1945, the respondent Kaufman (a man past sixty years of age) was in ill health, and was advised by a physician to retire from business. By reason of ill health, the difficulties of staying in business during the meat shortage, and the necessity of finding new premises for the business, the respondent Kaufman intended to retire from business completely, and would have done so but for the intervention of his two brothers, one of whom had previously been a business partner.

---

[2] The record indicates that delay occurred in getting the corporate organization under way. Its charter did not issue until January 22, 1946, and it did not start functioning until April 1, 1946.

"In 1945, the three brothers agreed to form a corporation in which the respondent Kaufman would own 40% of the capital stock, and his two brothers 30% each; it was further agreed by the three brothers that before the corporation began functioning, the business would be run as a partnership, with interests in the above proportions. In furtherance of this agreement, one of the brothers sold out his business interests in Chicago, and moved his family to Los Angeles.

"Before incorporating the two brothers of respondent Kaufman advanced Eleven Thousand Dollars ($11,000.00) with which to carry on the business and purchase new premises. Respondent corporation was incorporated January 21, 1946, and commenced active business operation on April 2, 1946. Additional monies supplied by the three brothers has increased the capital investment in the corporation to approximately three times the value of the respondent Kaufman's former business. There is no evidence to indicate that respondent corporation was not formed for a bona fide business purpose, or that it is the alter ego of the respondent Kaufman.

"In January, 1946, respondent Kaufman neither owned nor controlled the business where petitioner was formerly employed. Petitioner was employed in the business under the new ownership in January, 1946, and on April 2, 1946, by respondent corporation, in a position different from the one held by petitioner on October 23, 1942. This new position was accepted by petitioner without objection after a full explanation of the changed circumstances and character of the business.

"Petitioner made no application for reemployment in his former position, or a position of like seniority, status, and pay prior to late March or April, 1946."

The court made the following Conclusions of Law:

"1. The Court has jurisdiction of this case.

"2. Petitioner made no application for reemployment in his former position, or a position of like seniority, status, and pay within the period prescribed by paragraph (b) (3) of Section 308 of the Selective Training and Service Act of 1940, as amended.

"3. The employer's circumstances have so changed that it would have been and is unreasonable to restore petitioner to his former position, or to a position of like seniority, status, and pay.

"4. Respondent corporation is an independent business entity without obligation to employ petitioner."

There is credible evidence in this case adequately supporting the findings of the trial court on the material issues and they must be sustained since we cannot say that they are clearly erroneous. In this case the conclusions drawn from the facts disclosed in the evidence had to rest in the sound judgment of the trial court. There was conflict in the testimony, and whatever the doubts generated by this state of the record, it is not for this court to substitute its judgment on the evidence for that of the trial court on the probative weight of the evidence. The questions presented by the pleadings and evidence made the final determination of the trial court decisive of every material factual issue. Determination of these factual issues leaves no substantial legal issue in this case; the legal consequences of the trial court's findings are explicitly provided in the reemployment statute.

Appellee Kaufman was in ill health and this fact, coupled with his advanced age, business problems, and the advice of his physician that he should retire, had made him determine to retire completely from business. He was dissuaded from this course only by the 1945 agreement with his two brothers to become a partner with them in a new business venture, later, and as soon as possible, to be organized as a California corporation. His was to be a 40% stock interest in the new organization.

From this situation, and from the other persuasive facts developed in the case, the trial court was apparently fully convinced that Max Kaufman was not voluntarily disenabling himself to escape performance of a legal obligation to appellant, and it saw no evidence of deliberate bad faith on his part. The court was justified in concluding

676

that his "circumstances" had materially changed without fault attributable to him.

These considerations doubtless led the trial court to make the following statement at the conclusion of the case:

"Here was a man who was getting along in years. He had to either pull out or bring in new blood. Those things necessarily transpired. They were not done intentionally for the purpose of avoiding any responsibility that he may have owed to the petitioner. I feel that conditions had so changed that for him to have done otherwise would have been unreasonable and impossible."

The judgment is affirmed.